[Cite as *Firenza Stone, Inc. v. Farshchian*, 2026-Ohio-2983.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| FIRENZA STONE INC., et al., | **CASE NO. 2026-L-0065** |
| Plaintiffs-Appellants, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| MR. LUKE FARSHCHIAN, | Trial Court No. 2024 CV 001354 |
| Defendant-Appellee. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: August 3, 2026
Judgment: Appeal dismissed

*Jeffrey J. Fanger* and *Gerry Davidson*, Fanger & Davidson, L.L.C., 8396 Mayfield Road, Chesterland, OH 44026 (For Plaintiffs-Appellants).

*Mark A. Ziccarelli*, Ziccarelli Law, 8754 Mentor Avenue, Mentor, OH 44060 (For Defendant-Appellee).

MATT LYNCH, P.J.

{¶1}  On June 11, 2026, appellants, Firenza Stone Inc., Anthony Fimiani, Justin Harman, and Marcus Burgess, through counsel, filed an appeal from a Lake County Court of Common Pleas' entry denying their motion for summary judgment and another entry granting the motion for summary judgment of appellee, Mr. Luke Farshchian.

{¶2}  This case involves a dispute over the installation of countertops in Farshchian's kitchen.  Appellants filed a complaint against Farshchian alleging defamation, breach of contract and cyberstalking. Farshchian counterclaimed alleging breach of contract, fraud, violation of the Consumer Sales Practice Act ("CSPA"), and

breach of express and implied warranties.  In a February 18, 2026 entry, the trial court denied appellants' motion for summary judgment as to liability on all three counts in their complaint.  The trial court also denied appellants' motion for summary judgment on the violation of the CSPA count in Farshchian's counterclaim. In that same entry, the trial court granted appellants' motion for summary judgment on the breach of contract claim and the breach of warranties claims in Farshchian's counterclaim. In a May 21, 2026 entry, the trial court granted Farshchian's motion for summary judgment on all three counts in the complaint.  This appeal ensued.

{¶3}    Farshchian filed a motion to dismiss the appeal for lack of a final appealable order.  In Farshchian's motion, he posits that his counterclaim for violation of the CSPA remains pending with the trial court.  Appellants opposed the motion.

{¶4}    We must determine if there is a final appealable order since this court may only entertain appeals from final orders.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Ohio Const., art. IV, § 3(B)(2), we can only immediately review a trial court's judgment if it constitutes a "final order."  *Walker v. Walker*, 2025-Ohio-1597, ¶ 3 (11th Dist.).  If an order is not final, then a reviewing court has no jurisdiction to review it, and the case must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). Children's Hosp. Med. Ctr. v. Tomaiko*, 2011-Ohio-6838, ¶ 3 (11th Dist.).

{¶5}    Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final

Case No. 2026-L-0065

judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶6} This court has held that when multiple claims and/or parties are involved, an order entering judgment as to some, but not all, of the claims and/or parties is not a final and appealable order unless it includes that the Civ.R. 54(B) language that "there is no just reason for delay." *Harris v. Kirtland*, 2024-Ohio-1743, ¶ 5 (11th Dist.).

{¶7} In the present matter, the judgment entry on appeal disposed of some but not all of the claims. Therefore, since claims are still pending, and no Civ.R. 54(B) certification was made in the appealed entry, no final order exists at this time.

{¶8} Based upon the foregoing analysis, Farshchian's motion to dismiss the appeal is granted. This appeal is hereby dismissed for lack of a final appealable order.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2026-L-0065

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that Farshchian's motion to dismiss is GRANTED.  This appeal is hereby dismissed for lack of a final appealable order.

Costs to be taxed against appellants.

PRESIDING JUDGE MATT LYNCH

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-L-0065